UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:13-CR-22-HAB |
| ) | |
| JAVIER MADRIGAL ) | |

**OPINION AND ORDER**

Defendant has submitted a letter to the Court requesting compassionate release. (ECF No. 119). The letter was referred to the Federal Community Defender to consider representing Defendant (ECF No. 123) and the FCD declined (ECF No. 124). The Government has filed its response (ECF No. 125). The time for a reply has passed with no filing from Defendant. The matter is now ripe for review.

**A.     Defendant's Conviction**

On March 27, 2013, Defendant was indicted on five counts of distributing methamphetamine. The charges stemmed from an extensive investigation that involved multiple controlled buys from Defendant. On April 15, 2014, Defendant pleaded guilty to a single count and was sentenced to a term of two hundred sixty-two months' imprisonment with five years of supervised release. The term of imprisonment was subsequently reduced to two hundred ten months pursuant to U.S. Sentencing Amendment 782. Defendant is currently housed at the North Lake Correctional Facility in Baldwin, Michigan. He has a projected release date of March 30, 2028.

**B.     Legal Discussion**

**1.     *Extraordinary and Compelling Reasons***

Defendant's Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendants request is one for compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further. Here, Defendant asserted in his supplemental brief that he exhausted his remedies, but the Court has no evidence in support of that claim. "Two questions are presented by this issue, namely whether the exhaustion requirement is jurisdictional and

whether, if not jurisdictional, the exhaustion requirement is waivable over the government's objection." *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020).

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020), relying on the Seventh Circuit's decision in *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015); *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020) ("Because Congress did not mark the exhaustion requirement as jurisdictional, the Court finds that it is non-jurisdictional."); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). The Seventh Circuit has recently weighed in on the issue, confirming this Court's approach. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly before the court. *Gunn*, supra. Accordingly, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117,

3

2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes.[1] Second, the Court determines whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for

---

[1] However, as *Gunn* made clear, the policy statement's requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to be consistent with "applicable policy statements." And, the Sentencing Commission has not yet issued a policy statement "applicable" to the Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180. !

4

specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

Defendant's case is easily adjudicated, as he alleges no basis other than the mere existence of COVID in his motion. This is not grounds for compassionate release. *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Moreover, the Government's brief cites ongoing efforts by the Bureau of Prisons to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited September 1, 2020); see also, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The minimal number of cases at this institution is a testament to the BOP's mitigation and safety efforts. North Lake currently has only three positive cases among its inmate population and no cases among staff. In light of the foregoing, the Court does not find that Defendant has demonstrated extraordinary or compelling circumstances supporting his release.

**3.**     *§3553(a) Factors*

Even if the Court did find that extraordinary or compelling circumstances existed, it would still find that the § 3553(a) factors do not support release. Defendant has served less than half of his sentence. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes

of Defendant. The sentence has already been reduced once, and any further reduction at this time would serve to undermine those purposes of sentencing.

The Court highlights Defendant's considerable efforts at rehabilitation while incarcerated. Defendant has completed dozens of courses while incarcerated and has no history of discipline. Unfortunately, rehabilitation is not a ground for compassionate release. 28 U.S.C. § 994(t). Defendant's efforts will assist him when he reintegrates into society, and the Court encourages him to continue along those lines. However, given all the factors the Court must consider, compassionate release is not appropriate at this time.

**C.     Conclusion**

For the foregoing reasons, Defendant's letter seeking compassionate release (ECF No. 119) is DENIED.

SO ORDERED on January 11, 2021.

         s/ *Holly A. Brady*
         JUDGE HOLLY A. BRADY
         UNITED STATES DISTRICT COURT